Elizabeth B. BLANTON, individually and as Executor of the Estate of John Blanton, Plaintiff/Counter-Defendant/Appellee,

v.

Joseph T. ANZALONE and Donald F. Slebir, individually and as Trustees of the Harbor Medical Group, Inc. Profit Sharing Plan, Harbor Medical Group, Inc., Defendants/Counter-Claimants/Appellants.

Elizabeth B. BLANTON, individually and as Executor of the Estate of John Blanton, Plaintiff/Counter-Defendant/Appellant,

v.

Joseph T. ANZALONE and Donald F. Slebir, individually and as Trustees of the Harbor Medical Group, Inc. Profit Sharing Plan, Harbor Medical Group, Inc., Defendants/Counter-Claimants/Appellees.

Nos. 84–1997, 84–2033.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1985.

Decided May 14, 1985.

Harry J. Kaplan, San Jose, Cal., for appellee.

M. Fred Rose, Samuel Kornhauser, Frederick Hertz, San Francisco, Cal., for appellants.

Before SNEED, TANG, and CANBY, Circuit Judges.

SNEED, Circuit Judge:

Plaintiff Elizabeth Blanton brought this suit against defendants Dr. Joseph Anzalone and Dr. Donald Slebir under ERISA, 29 U.S.C. § 1001 *et seq.* (1982), for breach of

fiduciary duty. Jurisdiction of the district court was based on 29 U.S.C. § 1132(e). Our jurisdiction is based on 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

## I.

### FACTS AND PROCEEDINGS BELOW

Mrs. Blanton is the beneficiary of the account of her deceased husband, Dr. John Blanton, in an ERISA plan. Drs. Anzalone and Slebir are the trustees of the plan. The plan owns a building. Mrs. Blanton claims that a one-half interest in the building belongs to her deceased husband's account in the plan. She alleges that Drs. Anzalone and Slebir breached their fiduciary duties as trustees by renting the building to the Harbor Medical Group, Inc., of which they are the officers and shareholders, at an unfairly low rent.

Drs. Anzalone and Slebir counterclaimed for a declaration that Dr. Blanton's account does not have a one-half interest in the building. In their trial brief and in a motion for summary judgment, though not in their pleadings, they argued that the transaction that purported to place such an interest in the account was prohibited by ERISA section 406, 29 U.S.C. § 1106 (1982). They also counterclaimed, in the alternative, that before his death Dr. Blanton had contracted to sell part of his interest in the building to Dr. Slebir, and that Dr. Slebir is entitled to damages for breach, or specific performance, of that contract.

The district court held for Mrs. Blanton and charged Drs. Anzalone and Slebir the difference between the market rental value of the building and the rent that they had charged themselves, with prejudgment interest at an annual rate of seven percent. The court also found that there was no valid contract to sell an interest in the building to Dr. Slebir.

Defendants Drs. Anzalone and Slebir appeal the judgment. Mrs. Blanton cross-appeals, claiming that she is entitled to attorneys' fees and that the trial judge erred in assessing only seven percent prejudgment

interest. We affirm the district court's judgment in all respects except for the amount of the award of prejudgment interest. We vacate the award of interest and remand the case to the district court for recalculation of the amount.

## II.

### THE PROHIBITED TRANSACTION ISSUE

The defendants' attempt to void the transaction that placed a one-half interest in the building in Dr. Blanton's account is barred by ERISA's statute of limitations. Section 413(a)(2)(A) of ERISA, 29 U.S.C. § 1113(a)(2)(A) (1982), bars an action for a violation of section 406 three years after the plaintiff has actual knowledge of the violation. For purposes of their counterclaim, Drs. Anzalone and Slebir are in the position of plaintiffs. The transaction that placed a one-half interest in the building in Dr. Blanton's account took place on September 6, 1977. This action was filed more than three years later, on June 8, 1981. Drs. Anzalone and Slebir had actual knowledge of the transaction at the time it took place because they, as trustees, were parties to the transaction, and they, along with Dr. Blanton, actually made the decision to undertake the transaction.

To avoid the limitations bar, the defendants argue (1) that Mrs. Blanton did not raise the statute of limitations in her pleadings, (2) that payment of rent from the building to Dr. Blanton's account was a continuing violation of ERISA section 406 which continued up until the time that this action was filed, and (3) that they did not have actual knowledge of the violation until their attorney advised them that the transaction was prohibited.

These arguments are without merit. First, Mrs. Blanton could not have raised the statute of limitations in her pleadings because the defendants did not raise the prohibited transaction issue in theirs. Assuming, arguendo, that Mrs. Blanton implicitly consented to trial of the prohibited transaction issue, she did not

thereby waive her right to raise the statute of limitations, which she raised in her motion for summary judgment and her trial brief. The defendants' second argument also fails. Once the interest in the building was in Dr. Blanton's account, it was not a violation of ERISA section 406 to pay rent into that account. The defendants' third argument fails as well. The statute of limitations is triggered by the defendants' knowledge of the transaction that constituted the alleged violation, not by their knowledge of the law. *Cf. United States v. Kubrick*, 444 U.S. 111, 118–25, 100 S.Ct. 352, 357–61, 62 L.Ed.2d 259 (1979); *NLRB v. Don Burgess Construction Corp.*, 596 F.2d 378, 382 (9th Cir.), *cert. denied*, 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979).

Finally, it is necessary to point out that the prohibited transaction issue does not affect the liability of the defendants for undercharging themselves rent. Even if Dr. Blanton's account did not hold a one-half interest in the building, Drs. Anzalone and Slebir would still be liable to the plan for their breach of fiduciary duty.

### III.

### THE CONTRACT ISSUE

Drs. Anzalone and Slebir claim that all three doctors executed a signed, valid contract to sell a one-third interest in the property to Dr. Slebir. The contract (C.R. 32, exhibit 21) calls for a sale of the building only, from the plan to the three doctors in their own names (outside the plan) for a total price of $291,000. The record also contains, however, subsequent letters from all three doctors and their attorney to the plan administrator (C.R. 32, exhibits 12a–12c) stating their intention to transfer a one-third interest in the building and the land, for a price of ⅓ × $400,000, to Dr. Slebir's account within the plan. Given the contradictions between the contract and the doctors' written declarations of intent regarding the price, what was to be sold, and whether the transfer was to be within or outside of the plan, the district court reasonably concluded that there was no agreement concerning the sale.

### IV.

### ATTORNEYS' FEES

The district court's decision to deny attorneys' fees is reviewed for abuse of discretion. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir.1980). The district court's discretion in awarding attorneys' fees should be guided by the following five factors:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453.

Although this case should have been settled long ago, there is no evidence that the defendants acted in bad faith, no evidence has been introduced as to the defendants' ability to satisfy an award of attorneys' fees, the plaintiff does not seek to benefit anyone other than herself or to resolve a significant legal question, and the defendants have asserted a counterclaim that, although barred by the statute of limitations, is not otherwise totally without merit. Therefore, the district court did not abuse its discretion in denying the plaintiff an award of attorneys' fees.

### V.

### PREJUDGMENT INTEREST

The district court awarded prejudgment interest at an annual rate of seven percent on the amount of the damages for breach of fiduciary duty under ERISA. In 1982, before the judgment in this case was entered, Congress amended 28 U.S.C. § 1961 to provide for a post-judgment interest rate equal to that paid on 52-week U.S. Treasury bills. *See* Pub.L. 97–164, § 302(a), 96 Stat. 25, 55 (1982). Although section 1961 does not speak to prejudgment interest, this court, in *Western Pacific*

*Fisheries, Inc. v. S.S. President Grant,* 730 F.2d 1280 (9th Cir.1984), held that the same rate should be applied to prejudgment interest "unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate." *Id.* at 1289. We therefore vacate the award of prejudgment interest and remand to the district court for a recalculation of the amount. Unless the district court finds that the equities of the case require a different rate, prejudgment interest shall be calculated by applying, to each monthly rental undercharge, interest from the date of the undercharge to the date of the original judgment "at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date" of the undercharge. 28 U.S.C. § 1961(a) (1982).

This recalculation shall apply only to the interest on the award of damages for breach of fiduciary duty under ERISA. Those portions of the district court's judgment that were not appealed shall not be affected.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.