**Steven KING, Plaintiff,**

v.

**CAESAR'S WORLD, INC., a Florida corporation, Aetna Life Insurance Co., and Beverly Kamps, Plan Administrator, Defendants.**

No. CV–N–90–416–BRT.

United States District Court, D. Nevada.

Jan. 22, 1992.

---

Goedert & Michaels, Erica Michaels, Reno, Nev., for plaintiff.

Manoukian, Scarpello & Alling, Richard Glasson, Stateline, Nev., for defendants.

## JUDGMENT FOR ATTORNEY'S FEES, PENALTIES, AND COSTS

BRUCE R. THOMPSON, District Judge.

This is an ERISA action in which plaintiff has prevailed, in part, and now has moved for an allowance of attorney's fees and costs. Plaintiff seeks an allowance of attorney's fees in the amount of $14,145.00 plus a multiplier and reimbursement for costs advanced in the amount of $2,823.75.

Plaintiff Steven King's employment with defendant Caesar's World, Inc. terminated on January 31, 1990 because he had become permanently disabled. Caesar's ERISA plan provided for compensation for temporary disability and permanent disability. Temporary disability was to be compensated by Aetna for up to one year and if the disability was permanent, Mutual Benefit provided the indemnity after one year of total disability.

On April 4, 1990 King and his attorneys entered into a contingent fee agreement providing for a fee of 33⅓% before trial and 40% after trial of any sums collected by reason of the attorneys' services. Pursuant to this agreement King has paid the attorneys between $12,000 and $14,000 according to King's best recollection. The contingent fee agreement provides in part:

    8. In the event a court orders a separate award of attorney's fees in this mat-

ter, such award shall be exclusively the property of the law firm.

10. The lawyers' fees will be based on this contingency agreement or the court awarded fee, whichever is greater, but not both.

Initially, Caesar's World and Aetna rejected King's claim for temporary total disability upon the specious ground that he was not employed at the time he became disabled. This rejection was by letter from James A. Mitchell, Vice President–Administrator of Caesar's World dated March 12, 1990 (Ex. 2) after consultation with Aetna. This rejection was caused by erroneous factual information or negligent failure to supply full information furnished by employees of Caesar's World respecting the onset of King's disability.

The only information King had at this time respecting his ERISA rights were defendants' Exhibits A and B, "Group Insurance Benefits" and "Summary of Coverage, revised plan effective January 1, 1990." These documents referred exclusively to the portion of the ERISA plan serviced by Aetna Life Insurance Company. They designated Beverly M. Kamps, Assistant Vice President–Insurance, an employee of Caesar's World, as the Plan Administrator and referenced Plan Number 501 for inquiries to the Plan Administrator "who remains responsible for complying with ERISA reporting rules and regulations." At this time King had not received nor was he aware of Caesar's Pamphlet (Exhibit C) "Supplemental Group Life and Long Term Disability Insurance" which summarized the benefits for permanent disability under The Mutual Benefit Life Insurance Company policy and referenced Plan No. 502 for long term disability benefits.

In an effort to obtain information regarding King's rights his attorneys on April 5, 1990 wrote defendant Beverly Kamps asking for a copy of Plan # 501. The reply was not responsive to the request and despite telephone calls and additional letters, copies of the ERISA plan policies were not supplied to plaintiff's counsel. Finally on August 28, 1990 plaintiff filed this action against Caesar's World Inc., Aetna Life Insurance Co. and Beverly Kamps, Plan Administrator. It was only during discovery that plaintiff eventually obtained copies of the pertinent portions of the Aetna and Mutual Benefit policies, which constituted the ERISA plan.

In December 1990 defendants Caesar's World and Aetna decided that plaintiff was totally disabled and offered to pay the amount due for disability. Under the State Industrial Insurance System, Caesar's World was a self-insurer. Inasmuch as plaintiff had filed for SIIS benefits as well as ERISA plan benefits and the SIIS claim had been denied and was on appeal, Aetna and Caesar's World jointly filed a motion to deposit in court the sum of $15,176.19 to await resolution of the SIIS claim. The court on March 22, 1991 ordered the sum of $15,176.19 to be paid directly to plaintiff with the understanding that, because the SIIS benefits if payable would be deductible from the Aetna liability, Aetna and Caesar's World could make this adjustment between themselves.

King had applied for and was receiving benefits under the federal social security system. There was also a dispute between plaintiff and defendants regarding whether Aetna was entitled to offset the social security benefits. The plan summaries (Ex. 1 and Ex. 2) did not authorize the offset but the Aetna policy, when finally disclosed, clearly did. The court resolved this dispute in its order of September 16, 1991 holding that the social security benefits should be deducted from the Aetna indemnity payments. Plaintiff's opposition to this ruling had been based on the ERISA plan summaries and defendants failure timely to supply full information respecting the ERISA plan provisions. While this argument was not sustained by the court, the contention that under the circumstances of this case the defendants should be held to the representations in the ERISA plan summaries was not wholly specious, unreasonable and untenable and is part of the work for which plaintiff's counsel are entitled to compensation.

The award of attorney's fees in ERISA cases is governed by 29 U.S.C. § 1132(g) which provides, in part, as follows: "(1) In any action under this title … by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The court must first calculate the lodestar amount which is determined by multiplying the hours spent on a case by a reasonable hourly rate of compensation. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986). The factors to be considered by the court in exercising its discretion to award attorney's fees under ERISA include the degree of the opposing parties' culpability or bad faith; the ability of the opposing parties to pay; whether an award of fees would deter others from acting similarly under like circumstances; whether the parties requesting fees sought to benefit all ERISA plan participants and beneficiaries or to resolve a significant legal question; and the relative merits of the parties' positions. *Blanton v. Anzalone*, 760 F.2d 989, 992 (9th Cir.1985), *citing Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

Defendants have, to some extent, acted in bad faith in their handling of plaintiff's disability claim. Defendants attempted to apply pressure tactics by withholding the benefits due to plaintiff. Defendants also delayed providing plaintiff with a copy of the insurance contract; had they produced the contract within 30 days after plaintiff's initial request in April 1990, this action might never have been filed. Defendant Caesar's World is more than able to satisfy an award of fees; their net income for 1990 was over $36 million and total assets were valued at almost $900 million. In addition, by awarding reasonable attorney's fees, defendant Caesar's World and others should be deterred from acting in the same manner under similar circumstances. In light of all of the foregoing factors, an award of attorney's fees in this case is appropriate. Plaintiff's counsel have spent 94.30 hours on this case. Coun-sel have agreed that $150.00 per hour is a reasonable rate.

Plaintiff also asks this court to apply a multiplier to make an upward adjustment to the lodestar amount. Such adjustment may be made, though "only in certain 'rare' and 'exceptional' cases, supported by … 'specific evidence' on the record …" *Delaware Valley*, 478 U.S. at 565, 106 S.Ct. at 3098, *citing, Blum v. Stenson*, 465 U.S. 886, 898–901, 104 S.Ct. 1541, 1550, 79 L.Ed.2d 891 (1984). The burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant. *Blum*, at 898, 104 S.Ct. at 1548. Courts have traditionally examined various factors in determining reasonable attorney's fees and costs, including quality of representation, complexity, novelty, outcome, and experience. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). However, such factors must be considered in determining the lodestar amount, and therefore, if also considered in adjusting the amount, a danger of double-counting would arise. *Blum*, at 898–99, 104 S.Ct. at 1548–49. The United States Supreme Court has held that the "lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee, and it is unnecessary to enhance the fee for superior performance …" 478 U.S. at 566, 106 S.Ct. at 3098.

A multiplier is inappropriate in this case. Plaintiff's counsel have failed to provide specific evidence of the difficulty in obtaining counsel in such cases or that exceptional quality work was performed. Accordingly, plaintiff's counsel is awarded $14,145.00 for attorney's fees and reimbursement for costs advanced in the sum of $2,823.75 against defendant Caesar's World.

While Mutual Benefit Life Insurance Company is not a party defendant in this case, plaintiff would never have heard of the policy for long term disability benefits in order to make a timely application for such benefits unless this action had been commenced and the disclosures made on December 5, 1990. Because the Mutual Benefit policy was finally disclosed, plain-

tiff applied for such benefits, with the assistance of counsel, and after investigation and an independent medical examination, plaintiff was qualified for long term disability benefits subject to the terms of the policy. The major portion of the fees paid to plaintiff's attorneys to date has come from a one-third share of the long term disability benefits.

■ Beverly Kamps has never been an independent fiduciary as a plan administrator. She is an employee of Caesar's World. The initial rejection of plaintiff's claim against Aetna was written by James A. Mitchell, Vice President–Administrator of Caesar's World on March 12, 1990. (Ex. 2). The decision to pay the one-year disability benefits was made by James Mitchell after he had discussed the situation with Caesar's attorney Richard Glasson and others. The conference is memorialized in an "in-house" memo from Barbara Falvey to James Mitchell dated December 27, 1990. (Ex. 32). Pursuant to the decision made at this conference, Richard Glasson on April 5, 1991 forwarded to Erica Michaels checks totalling $15,351.74 in full payment of Aetna's liability for one-year total disability. The officers of Caesar's World made the decisions relating to plaintiff's claims and are liable for all penalties, attorney's fees and costs which are allowable.

■ The governing statute on the question of penalties assessed against an ERISA Plan Administrator is 29 U.S.C. § 1132(c). Subsection (1) provides, in part, "Any administrator ...

> (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary ... by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal ...

Plaintiff's counsel requested a copy of the insurance contract on April 5, 1990. Ms. Beverly Kamps, the Plan Administrator and an employee of defendant Caesar's World, failed to provide such copy until it was produced during discovery on December 5, 1990. The court believes that defendants Caesar's World and Ms. Beverly Kamps deliberately delayed supplying a copy of the insurance contract as requested in an effort to put off plaintiff. Accordingly, Caesar's World and Ms. Beverly Kamps are jointly and severally liable to plaintiff in the amount of $21,400.00 for ERISA penalties: $100 a day commencing May 5, 1990 until December 5, 1990, the date of production of the insurance contract.

■ We are still faced with the problem of an attorney's fee award vis-a-vis the provisions of the contingent fee contract. In our opinion, plaintiff's counsel by applying for an award has placed the entire subject matter within the discretion of the court. In oral argument plaintiff's counsel clearly indicated by conduct, if not by words, that she had no intention of demanding one-third of plaintiff's permanent disability payments for as long as they were paid. In view of the terms of the contract it is our opinion that plaintiff's attorneys shall be permitted to retain all contingent fees paid to date and shall, in addition, retain the award for attorney's fees and costs when collected. The judgment for ERISA penalties shall be the sole property of plaintiff not reduced by contingent attorney's fees.

In consideration of the premises,

IT HEREBY IS ORDERED that judgment be entered in favor of plaintiff Steven King and against defendants as follows:

1. Plaintiff's motion for attorney's fees is granted against defendant Caesar's World and plaintiff is hereby awarded a reasonable attorney's fee in the sum of Fourteen Thousand One Hundred and Forty–Five Dollars ($14,145.00) in addition to contingent fees already collected;

2. Plaintiff's motion for reimbursement of costs advanced is granted against defendant Caesar's World and plaintiff is hereby awarded costs in the sum of Two Thousand Eight Hundred and Twenty–Three Dollars and Seventy–Five Cents ($2,823.75); and

3. Plaintiff is hereby awarded penalties pursuant to ERISA against defendants Caesar's World and Ms. Beverly Kamps in the sum of Twenty–One Thousand Four Hundred Dollars ($21,400.00), with interest thereon from December 5, 1990 at the federal rate of 7.28% per annum. This award when collected shall be the sole property of plaintiff;

4. Plaintiff's contractual obligation to pay contingent fees is terminated as of this date;

5. This judgment shall bear interest from date hereof at the federal rate of 4.02% per annum.

In view of the provisions of the contingency fee contract, the court reserves jurisdiction to reconsider its allowance of attorney's fees if the judgment should be appealed.