JACQUELINE SCOTT CORLEY, United States Magistrate Judge
Plaintiffs Carol Foster and Theo Foreman bring a class action suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. , on behalf of participants and beneficiaries of the Adams and Associates Employee Stock Ownership Plan ("ESOP"). Plaintiffs allege that Adams and Associates, Inc., Roy A. Adams, Leslie G. Adams, Daniel B. Norem, Joy Curry Norem, and The Daniel Norem Revocable Trust Dated January 9, 2002, (collectively "Defendants") breached their fiduciary duty to the Plaintiffs, participated in prohibited transactions, and failed to make required disclosures. On January 24, 2019, the Court heard argument on Defendants' motion to dismiss and strike portions of the First Amended Complaint. (Dkt. No. 58.) The Court denied the motion to dismiss as to the fith claim for relief, granted the motion as to the sixth claim for relief, and granted Defendants' request to submit supplemental briefing regarding its motion to dismiss the first, second, and fourth claims for relief in light of the Ninth Circuit Court of Appeals recent decision in Sulyma v. Intel Corporation Investment Policy Committee , 909 F.3d 1069 (9th Cir. 2018). Having reviewed Defendants' supplemental brief and Plaintiffs' response, the Court DENIES Defendants' motion to dismiss the first, second, and fourth claims for relief. Defendants have failed to establish that Plaintiffs' claims are barred by the three-year statute of limitations in 29 U.S.C. § 1113(a)(2).
DISCUSSION
Plaintiffs allege that in October 2012, Defendants Roy and Leslie Adams, and Daniel Norem (the "Director Defendants") sold all the stock in Adams and Associates, Inc. to the Adams ESOP for above market value. Plaintiffs' first and second claims for relief allege that in doing so Defendants violated their fiduciary duties by engaging in a transaction prohibited by ERISA, 29 U.S.C. § 1106(a), (b). Plaintiffs' fourth claim for relief alleges that the Director Defendants breached their fiduciary duties when they hired Alan Weissman as the Trustee for the ESOP and when they failed to take any corrective action regarding Weissman's conduct related to the October 2012 stock transaction in violation of ERISA, 29 U.S.C. § 1104(a)(1).
Defendants insist that Plaintiffs first and second causes of action are barred by the statute of limitations and that Plaintiffs'
*835 fourth cause of action, which is predicated on related conduct, necessarily fails as well. A claim that an ERISA fiduciary has engaged in prohibited transactions must be brought within six years after "the date of the last action which constituted a part of the breach or violation," or within three years after "the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113. Here, there is no dispute that the complaint was filed within six years of the alleged violations. The question is whether it was filed within three years of Plaintiff's actual knowledge of the allege violations.
Courts engage in a two-step inquiry to determine if a claim is barred by the three-year statute of limitations. See Sulyma v. Intel Corp. Inv. Policy Comm. , 909 F.3d 1069, 1072 (9th Cir. 2018). "First, we isolate and define the underlying violation upon which [the] plaintiff's claim is founded. Second, we "inquire when [the plaintiff] had 'actual knowledge' of the alleged breach or violation." Id. at 1072-73 (internal citation and quotation marks omitted). The violation underlying Plaintiffs' claims here is that the ESOP-at the direction of Alan Weissman, the ESOP Trustee-paid more than fair market value to Defendants Roy and Leslie Adams and Daniel Norem when it purchased all of their company stock in October 2012. (Dkt. No. 40 at 17-18.[1] )
Plaintiffs insist that a key element of this claim is the adequacy of the plan fiduciaries' investigation of the proposed ESOP transaction citing Howard v. Shay , 100 F.3d 1484, 1488 (9th Cir. 1996). In Howard , the Ninth Circuit noted that
In addition to imposing duties of loyalty and care, ERISA explicitly prohibits a fiduciary from engaging in self-dealing transactions: 'A fiduciary with respect to a plan shall not ... (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries.' 29 U.S.C. § 1106(b). ERISA creates an exception to this prohibition, however, by permitting 'the acquisition or sale by a plan of qualifying employer securities ... (1) if such acquisition [or] sale ... is for adequate consideration.' 29 U.S.C. § 1108(e). Like the inquiry into whether a fiduciary acted with loyalty and care, the inquiry into whether the ESOP received adequate consideration focuses on the thoroughness of the fiduciary's investigation.
Id. at 1488 (internal citation omitted) (emphasis added). Because nothing in the First Amended Complaint alleges that Plaintiffs had knowledge regarding the adequacy of Weissman's investigation into the transaction more than three years before the complaint was filed, Plaintiffs insist that the statute of limitations cannot have run.
Defendants counter that the statute of limitations clock began when Plaintiffs had actual knowledge of the underlying transaction-the stock purchase. According to Defendants, Plaintiffs had actual knowledge of this transaction on October 4, 2013 when Defendants filed their Form 5500 with the Department of Labor listing the transaction. There are two problems with Defendants' argument.
First, it misidentifies the conduct which serves as a predicate for the underlying violations. A prohibited transaction claim under Section 1106"focuses not only on the merits of the transaction, but also on the thoroughness of the investigation *836 into the merits of the transaction." Howard , 100 F.3d at 1488. Thus, Plaintiffs' knowledge of the transaction is only part of the inquiry. "[A] plaintiff asserting a process-based claim under § 1104, § 1106(a), or both does not have actual knowledge of the procedural breach of fiduciary duties unless and until she has actual knowledge of the procedures used or not used by the fiduciary." Fish v. GreatBanc Tr. Co. , 749 F.3d 671, 681 (7th Cir. 2014).
Second, even if knowledge of the transaction itself were sufficient, Defendants misconstrue what "actual knowledge" requires. "[T]he phrase 'actual knowledge' means the plaintiff is actually aware of the facts constituting the breach, not merely that those facts were available to the plaintiff." Sulyma , 909 F.3d at 1076. While this does not require "knowledge that the underlying action violated ERISA," mere "knowledge that the underlying action occurred" is not sufficient. Id. at 1075. " 'Actual knowledge' must therefore mean something between bare knowledge of the underlying transaction, which would trigger the limitations period before a plaintiff was aware he or she had reason to sue, and actual legal knowledge, which only a lawyer would normally possess." Id. In Blanton , the plaintiffs had actual knowledge because they were parties to the transaction. Blanton v. Anzalone , 760 F.2d 989, 991-92 (9th Cir. 1985). "The key is that, whatever the underlying ERISA claim, the limitations period begins to run once the plaintiff has sufficient knowledge to be alerted to the particular claim." Sulyma , 909 F.3d at 1076. Further, the plaintiff must have actual, not constructive, knowledge; that is, "knowledge that is actual, not merely a possible inference from ambiguous circumstances." Id. (quoting Ventura Content, Ltd. v. Motherless, Inc. , 885 F.3d 597, 609 (9th Cir. 2018) ).
Here, unlike in Blanton , there is no suggestion that Plaintiffs were parties to the transaction.[2] Rather, Defendants' argument as to Plaintiffs' knowledge is based on identifying the transaction in the 2013 Form 5550; however, there are no allegations in the First Amended Complaint as to when Plaintiffs received or became aware of the Form 5500. The same is true as to the 2012 Summary Annual Report and Summary Plan Description-there are no allegations in the First Amended Complaint that Plaintiff Foreman received these documents and Plaintiff Foster would not have had access to these documents as she was not hired until 2015.
In Sulyma , the Ninth Circuit reversed the district court's grant of summary judgment finding that there was a dispute of material fact as to whether the plaintiff had "actual knowledge" because "[i]f Sulyma in fact never looked at the documents Intel provided, he cannot have had 'actual knowledge of the breach' because he cannot have been aware that imprudent investments were made and that other Intel fiduciaries were failing to monitor or remedy that imprudence." Sulyma , 909 F.3d at 1078. Here, the First Amended Complaint contains neither allegations that Plaintiffs were aware of the alleged prohibited transaction, or even if they were, that the fiduciary had failed to conduct an adequate investigation prior to engaging in the prohibited transaction.
This conclusion is equally true as to Plaintiffs' fourth claim under section 1104 *837 which alleges that the Director Defendants failed to conduct a reasonably prudent investigation prior to appointing Alan Weissman as the Trustee for the ESOP and failed to monitor his performance thereafter such that they would have identified the imprudent 2012 transaction. The First Amended Complaint does not contain allegations from which the Court could infer when Plaintiffs had actual knowledge of these alleged violations.
Accordingly, Defendants have failed to establish as a matter of law that Plaintiffs' first, second, and fourth claims for relief are barred by the statute of limitations.
CONCLUSION
For the reasons stated above, Defendants' motion to dismiss Plaintiffs' first, second, and fourth claims as barred by the statute of limitations is DENIED.
If Plaintiffs elect to amend their complaint with respect to the previously dismissed sixth claim for relief, they shall do so by March 5, 2019. Defendants shall file their answer by March 26, 2019.
The Initial Case Management Conference remains calendared for March 7, 2019 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California. A Joint Case Management Conference Statement is due by February 28, 2019.
IT IS SO ORDERED.

Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Defendants conflate Plaintiffs' status as participants in the ESOP with the Blanton plaintiffs' participation; but in Blanton , the plaintiffs were trustees-not mere participants. Blanton , 760 F.2d at 991 (noting that the trustees "had actual knowledge of the transaction at the time it took place because they, as trustees, were parties to the transaction, and they ... actually made the decision to undertake the transaction.").