United States Court of Appeals,

Eleventh Circuit.

No. 93-8981.

Sherri Kay SMITH, Plaintiff-Appellee,

v.

AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK,
Defendant-Appellant.

April 24, 1995.

Appeal from the United States District Court for the Northern
District of Georgia. (No. 1:90-CV-2217-HTW), Horace T. Ward, Judge.

Before HATCHETT and COX, Circuit Judges, and JOHNSON, Senior
Circuit Judge.

PER CURIAM:

American International Life Assurance Company of New York
("AILACNY") appeals from the district court's award of accidental
death benefits to Plaintiff Sherri Kay Smith under an insurance
policy governed by the Employee Retirement Income Security Act of
1974 ("ERISA").[1]  AILACNY challenges the interest rate used by the
district court in calculating the pre-judgment interest on the
award.  We affirm.

I.

After the death of her husband, Smith submitted a claim to
AILACNY to recover benefits under an accidental death insurance
policy provided by her employer and governed by ERISA.  After
AILACNY denied Smith's claim, Smith filed suit against AILACNY
seeking to recover the accidental death benefits.  After a bench
trial, the district court awarded Smith judgment for the benefits,

_____

[1]29 U.S.C. §§ 1001-1461 (1993).

together with pre-judgment interest at 12% per annum and post-judgment interest at 3.54% per annum. AILACNY appeals.

## II.

AILACNY raises several issues on appeal. However, the only issue worthy of discussion is whether the district court erred in utilizing a 12% pre-judgment interest rate.[2] We review an award of pre-judgment interest under ERISA for abuse of discretion. *See Moon v. American Home Assurance Co.,* 888 F.2d 86 (11th Cir.1989). Because we find that the district court did not abuse its discretion, we affirm the award of pre-judgment interest at 12% per annum.

## III.

In its memorandum opinion, the district court observed that although the determination of the appropriate pre-judgment interest rate under ERISA is a matter of federal law, federal courts often look to state law for guidance. Here, the district court applied an interest rate of 12% per annum based on O.C.G.A. § 7-4-12, which establishes Georgia's post-judgment interest rate.

AILACNY disputes the district court's application of the state rate. AILACNY contends that in the absence of evidence pointing to a different rate that more accurately compensates the plaintiff, the rate prescribed in 28 U.S.C. § 1961(a) for post-judgment interest on federal judgments should also be applied as the pre-judgment interest rate under ERISA. Section 1961 provides:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be

---

[2]We find that AILACNY's other arguments are meritless and affirm without opinion. *See* 11th Cir.R. 36-1.

calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal Judges.

28 U.S.C. § 1961(a). AILACNY argues that the rate prescribed by section 1961(a) must be the correct rate with which to compensate for the loss of the use of the money before judgment because Congress chose this as the appropriate rate by which to compensate plaintiffs after entry of judgment. Furthermore, AILACNY proposes that the use of the section 1961(a) rate will further the goal of uniformity underlying ERISA. According to AILACNY, uniformity will be undermined if district courts are allowed to exercise discretion and apply state interest rates without the presence of special circumstances.

We recognize that some circuit courts have approved the use of the section 1961(a) post-judgment rate to compute pre-judgment interest. *E.g. Sweet v. Consolidated Aluminum Corp.,* 913 F.2d 268, 270 (6th Cir.1990); *Blanton v. Anzalone,* 760 F.2d 989, 993 (9th Cir.1985). However, section 1961(a) only mandates the rate for post-judgment interest; it does not speak to pre-judgment interest rates. There is no similar statute mandating the pre-judgment interest rate. Furthermore, under the law of this circuit, "[t]he award of an amount of prejudgment interest in an ERISA case is a matter "committed to the sound discretion of the trial court.' " *Nightingale v. Blue Cross/Blue Shield of Alabama,* 41 F.3d 1476, 1484 (11th Cir.1995) (quoting *Moon v. American Home Assurance Co.,* 888 F.2d 86, 89-90 (11th Cir.1989)). Other circuits agree.

*Quesinberry v. Life Ins. Co.,* 987 F.2d 1017 (4th Cir.1993); *Hansen v. Continental Ins. Co.,* 940 F.2d 971 (5th Cir.1991). Because district courts have discretion in determining pre-judgment interest rates, we hold that district courts are not required to use section 1961(a) in computing such interest.

However, we must still review the district court's award of pre-judgment interest for an abuse of discretion. *Nightingale,* 41 F.3d at 1484. In *Nightingale,* the district court awarded pre-judgment interest at a rate of 1.5% per month or 18% per annum. The district court derived this rate from Ala.Code § 27-1-17(b) (1986), which provides the rate of interest to be paid by an insurer to an insured if a claim has been denied for invalid reasons. The district court applied this rate instead of the Alabama statutory interest rate of 6% per year. We found that the district court's use of the higher interest rate was not an abuse of discretion, reasoning that "[i]t was clearly within the district court's discretion to use § 27-1-17(b) as an analogy to fill a gap in ERISA law." *Id.*

In this case, the district court looked to Georgia's post-judgment interest rate for guidance in determining the interest rate to compensate Smith. As this court explained in *Nightingale,* a district court can look to state interest rates to fill a gap in ERISA law. The district court in this case has done nothing more than that which we approved in *Nightingale.*

AILACNY further complains that the district court's exercise of discretion may undermine the policy of uniformity underlying ERISA legislation. It is true that uniformity of rights and

obligations is a primary goal of this federal legislation. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 56, 107 S.Ct. 1549, 1557, 95 L.Ed.2d 39 (1987). We have, however, in other contexts allowed the district court discretion in the face of unifying federal law. For example, a district court can exercise discretion in determining the pre-judgment interest rate in admiralty cases. *E.g., Kilpatrick Marine Piling v. Fireman's Fund Ins.,* 795 F.2d 940, 947, 948, n. 11 (11th Cir.1986) (looking to the interest rate at which the injured party borrows money for guidance); *Geotechnical Corp. of Del. v. Pure Oil Co.,* 214 F.2d 476, 478 (5th Cir.1954) (applying the state statutory interest rate); *Fisher v. Agios Nicolaos V,* 628 F.2d 308, 319 (5th Cir.1980), *cert. denied,* 454 U.S. 816, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981) (consulting a variety of factors for guidance). Therefore, in determining the pre-judgment interest rate in ERISA cases, a district court may look for guidance to those factors which are appropriate in an ERISA context.

## IV.

We hold that the district court did not abuse its discretion in looking to the state statutory interest rate for guidance in determining the appropriate pre-judgment interest rate.

AFFIRMED.