Arthur T. COTTRILL, Plaintiff,
Appellant,

v.

SPARROW, JOHNSON & URSILLO,
INC., et al., Defendants,
Appellees.

Arthur T. COTTRILL, Plaintiff, Appellee,

v.

SPARROW, JOHNSON & URSILLO,
INC., et al., Defendants,
Appellants.

Nos. 95–1363, 95–1434.

United States Court of Appeals,
First Circuit.

Submitted Dec. 7, 1995.

Decided Jan. 23, 1996.

Jeffrey S. Brenner and Corrente, Brill & Kusinitz, Ltd. on brief, Providence, RI, for Arthur T. Cottrill.

Edward C. Roy, Jr. and Roy & Cook on brief, Providence, RI, for Sparrow, Johnson & Ursillo, Inc., et al.

Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and SELYA, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

Arthur T. Cottrill (Cottrill) sued several defendants: Sparrow, Johnson & Ursillo, Inc. (SJU), a Rhode Island accounting firm with whom he was employed as a certified public accountant; Sparrow, Johnson & Ursillo, Inc. Profit Sharing Plan and Trust (SJU Plan, or Plan), and Steven J. Ursillo (Ursillo), an officer and stockholder of SJU and a "named Trustee" of SJU Plan. Cottrill sought, *inter alia*,[1] pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.*, (ERISA), to vacate revocation by the Plan of his beneficial interest of $18,775.52. Ursillo, in his capacity as trustee of the SJU Plan, counterclaimed, alleging that Cottrill, acting in a fiduciary relationship, was responsible for losing an investment of $130,000 of Plan's assets, and thus owed it full recompense.

A magistrate judge, in a detailed opinion, had recommended ruling in Cottrill's favor on motions for summary judgment, but the district court, after conducting a bench trial, held that Cottrill was a fiduciary of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21)(A), and therefore was responsible to Plan for the loss. It dismissed the counterclaim, however, for failure to prove damages. Both sides appeal. We reverse and remand for entry of judgment for Cottrill on his complaint, and affirm, on other grounds, dismissal of the Plan's counterclaim.

In December of 1988, $130,000 of the SJU Plan's assets were invested, through a partnership known as North Main Street Associates One, in which Cottrill was a partner, in a group of second mortgages held by First Security Mortgage Company. Cottrill effected the SJU Plan's investment, as authorized by Ursillo, a named trustee of the Plan. Unhappily Cottrill obtained no promissory note or, seemingly, any other documentation of the investment. First Security paid interest to North Main for a while, but by December of 1990, the assets had apparently disappeared.[2]

▮ Because both the claim and counterclaim turn on whether Cottrill was a fiduciary with respect to the $130,000 investment at issue, we focus solely on the grounds given to support the court's conclusion. The court found that Cottrill was a fiduciary because he exercised "both effective and actual authority and control over the management and disposition of the $130,000," which brought him within the definition of a fiduciary under ERISA as one who "exercises any authority or control respecting management or disposition of [a plan's] assets." 29 U.S.C. § 1002(21)(A)(i).[3] It based this conclusion on a number of subsidiary findings, including that Cottrill was a "principal" of SJU, and a participant in the SJU profit-sharing Plan; that he had recommended the investment to Ursillo, specifically by reporting that he had looked into it and the investment looked good; that he had assumed responsibility for managing the investment and obtaining documentation, disbursing the $130,000 to the mortgagee and collecting the income generated; that he was a partner in North Main, the vehicle for making the investment, and listed himself on its account record as the partner in charge of the investment.

None of these subsidiary findings, however, singly or collectively, amount to "*authority or control over* the management or disposition" of the funds in question. On the contrary, this was twice contradicted by Ursillo himself, who stated that he, as a Plan trustee, authorized the investment.

The court's reference to Cottrill as a "principal" of SJU overlooks the undisputed testimony that this was, literally, a "letterhead" title for client purposes, but quite aside from that, SJU itself did not manage the Plan. As a "participant" in the Plan Cottrill had no powers. It did not amount to "authority over

---

1. Two further counts have been dropped, as a result of which SJU is no longer a party.

2. Perhaps the mortgages simply became worthless—the record is silent. In any event, the court found that the investment was lost.

3. The statue reads, in relevant part:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets....
29 U.S.C. § 1002(21)(A).

the management" of the assets for Cottrill, with no power to invest, to recommend an investment to Ursillo as sound; nor were powers conferred on him as a gratuitous advisor [4] by the trustee's accepting his opinion. *Schloegel v. Boswell,* 994 F.2d 266, 271–72 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 440, 126 L.Ed.2d 374 (1993) ("[m]ere influence over the trustee's investment decisions ... is not effective control over plan assets," where ultimate decision-making authority rests elsewhere) (citing cases). The court made no finding, nor could the record support one, that authority or control was ever delegated or "relinquished" to Cottrill in authorizing him to execute the management and disposition decision of Ursillo. *See id.* at 271–72.

■ The court's finding that North Main was the "vehicle" for the investment was exactly correct, but it is the driver, not the vehicle, that chooses the route. In collecting and disbursing money due, Cottrill (by North Main) was simply a conduit, performing a ministerial act directed by Ursillo. Under ERISA, "the existence of discretion [is] a sine qua non of fiduciary duty." *Pohl v. National Benefits Consultants, Inc.,* 956 F.2d 126, 129 (7th Cir.1992) (where plan administrator function was clerical, mechanical, and ministerial, it was not discretionary). Cottrill's mechanical duty to acquire "documentation" evidencing the mortgage assignments and securing the authorized transaction between First Security and the Plan entailed no discretionary involvement in management of the assets.

So much for management. We turn to the further language of subsection (i), concerning exercise of "any authority or control respecting ... disposition of [a plan's] assets." 29 U.S.C. § 1002(21)(A)(i). True, Cottrill exercised physical control when he forwarded the $130,000 to First Security. Did this constitute "disposition" of the assets? The meaning of disposition is to be judged by its companion words. Again, these indicate that the fiduciary exercise authority or control, i.e., discretion and judgment, over the disposition, not simply perform a transfer speci-

fied by the trustee—a purely administrative act. *See Sommers Drug Stores v. Corrigan Enterprises, Inc.,* 793 F.2d 1456, 1460 (5th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 and *cert. denied,* 479 U.S. 1089, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987) (defendants could be found fiduciaries with respect to sale of trust's stock *only* if they controlled trustees' decision to sell; such control not inferable from defendants' power to appoint trustees).

In sum, there was no possible basis for the court's conclusion that Cottrill was a fiduciary. Absent any other basis for assigning him personal liability for the loss, his funds in the Plan should not have been offset against it. We conclude there was no issue as to any material fact to preclude judgment in favor of Cottrill. We reverse and remand for entry of judgment in his favor on the complaint.

A word about the counterclaim. The court found for Cottrill on the ground that, given his $18,775.52 interest in the Plan was offset against the loss, and the balance had been satisfied by Ursillo, there had been no showing of any damages suffered by the Plan. More to the point, in view of what we have already held, there was no valid demand against Cottrill in the first place. On this latter basis we affirm the judgment dismissing the counterclaim.

---

4. No claim has been made, nor is there any evidence, that Cottrill was at any time a specially

paid advisor to the Plan. *Compare* 29 U.S.C. § 1002(21)(A)(ii).