USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 96-1542 ARTHUR T. COTTRILL, Plaintiff, Appellant, v. SPARROW, JOHNSON & URSILLO, INC., ET AL., Defendants, Appellees. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ _________________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ _________________________ Jeffrey S. Brenner, with whom Corrente, Brill & Kusinitz, ___________________ ____________________________ Ltd. was on brief, for appellant. ____ Edward C. Roy, with whom Roy & Cook was on brief, for _______________ ___________ appellees. _________________________ November 19, 1996 _________________________ SELYA, Circuit Judge. We are summoned again to survey SELYA, Circuit Judge. _____________ the battleground on which plaintiff-appellant Arthur T. Cottrill has been struggling to recover his beneficial interest in a profit-sharing plan maintained by his former employer, Sparrow, Johnson & Ursillo, Inc. (SJU).1 In our first visit to the war zone we determined that Cottrill was not a fiduciary within the contemplation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. 1001-1461 (1994), and specifically, 29 U.S.C. 1002(21)(A). See Cottrill v. SJU, 74 F.3d 20, 22 (1st ___ ________ ___ Cir. 1996). We therefore reversed the district court's contrary ruling and remanded for the entry of judgment in Cottrill's favor. See id. ___ ___ The entry of judgment did not end the hostilities. Cottrill appeals anew, this time contending that the district court abused its discretion by (1) miscalculating prejudgment interest, and (2) denying him attorneys' fees. We affirm. I. I. __ Setting the Stage Setting the Stage _________________ We refrain from rehearsing the facts for two reasons. First, they are adequately stated in our earlier opinion. See ___ id. at 21. Second, the questions that Cottrill now raises do not ___ pertain directly to the merits of his cause, but concern only embellishments to the judgment. Thus, after pausing to elucidate  ____________________ 1The defendants in this case are SJU, its profit-sharing plan (the Plan), and Steven J. Ursillo (SJU's chief executive officer and the Plan's trustee). For simplicity's sake, we refer to them collectively as "the trustee" or "the defendants." 2 the standard of review, we proceed immediately to the appellant's asseverational array. Both prejudgment interest and attorneys' fees are available, but not obligatory, in ERISA cases. See Quesinberry ___ ___________ v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1030 (4th Cir. 1993) ________________________ (en banc) (discussing prejudgment interest); 29 U.S.C.  1132(g)(1) (discussing attorneys' fees). An appellate court reviews the grant or denial of prejudgment interest in ERISA cases solely for abuse of discretion. See Smith v. American ___ _____ ________ Int'l Life Assurance Co., 50 F.3d 956, 957 (11th Cir. 1995); __________________________ Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1002 (3d _______ ____________________________ Cir. 1992). The same standard of review obtains in connection with rulings granting or denying applications for attorneys' fees under 29 U.S.C. 1132(g)(1). See Thorpe v. Retirement Plan of ___ ______ ___________________ the Pillsbury Co., 80 F.3d 439, 445 (10th Cir. 1996); Gray v. New _________________ ____ ___ Eng. Tel. & Tel. Co., 792 F.2d 251, 259 (1st Cir. 1986). _______________________ Consequently, we will disturb such rulings only if the record persuades us that the trial court "indulged a serious lapse in judgment." Texaco P.R., Inc. v. Department of Consumer Affairs, _________________ _______________________________ 60 F.3d 867, 875 (1st Cir. 1995); accord Lutheren Med. Ctr. v. ______ ___________________ Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan, ________________________________________________________________ 25 F.3d 616, 623-24 (8th Cir. 1994). II. II. ___ Analysis Analysis ________ A. A. __ Prejudgment Interest Prejudgment Interest ____________________ 3 In ERISA cases the district court may grant prejudgment interest in its discretion to prevailing fiduciaries, beneficiaries, or plan participants. This judicial discretion encompasses not only the overarching question whether to award prejudgment interest at all but also subsidiary questions that arise after the court decides to make an award, including matters such as the period and rate to be used in calculating interest. See, e.g., Smith, 50 F.3d at 958. ___ ____ _____ In this instance, the district court awarded prejudgment interest, but, in Cottrill's estimation, the court chose an unrealistic accrual date (thereby truncating the period for which it allowed interest) and then compounded the error by selecting too miserly an interest rate. We address each of these complaints in turn. 1. The Date of Accrual. Ordinarily, a cause of action 1. The Date of Accrual. ___________________ under ERISA and prejudgment interest on a plan participant's claim both accrue when a fiduciary denies a participant benefits. See, e.g., Larsen v. NMU Pension Trust, 902 F.2d 1069, 1073 (2d ___ ____ ______ __________________ Cir. 1990); Paris v. Profit Sharing Plan for Employees of Howard _____ ___________________________________________ B. Wolf, Inc., 637 F.2d 357, 361 (5th Cir.), cert. denied, 454 _____________ _____ ______ U.S. 836 (1981); Algie v. RCA Global Communications, Inc., 891 F. _____ _______________________________ Supp. 875, 899 (S.D.N.Y. 1994), aff'd, 60 F.3d 956 (2d Cir. _____ 1995). Setting the accrual date in this manner not only advances the general purposes of prejudgment interest, see West Virginia ___ _____________ v. United States, 479 U.S. 305, 310 (1987), but also serves ______________ ERISA's remedial objectives by making a participant whole for the 4 period during which the fiduciary withholds money legally due. See Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, ___ ______ __________________________________ 286 (2d Cir. 1992). Figuring the accrual date in this way also prevents unjust enrichment. See Sweet v. Consolidated Alum. ___ _____ ___________________ Corp., 913 F.2d 268, 270 (6th Cir. 1990); Short v. Central _____ _____ _______ States, Southeast & Southwest Areas Pension Fund, 729 F.2d 567, _________________________________________________ 576 (8th Cir. 1984). Cottrill asserts that his cause of action accrued on December 12, 1990, when the lawyer who was handling his divorce sent a letter to the Plan inquiring into the availability and value of Cottrill's beneficial interest. The district court saw matters differently; it found that the cause of action accrued on December 31, 1991, when the trustee erroneously declared Cottrill's funds forfeit. The district court's reasoning is persuasive. The attorney's letter cannot reasonably be construed as a demand for funds. It was an inquiry for the purpose of providing information necessary to the divorce pavane no more, no less. The defendants' response to this letter confirms our assessment. Neither in language nor in tone does it presume to deny any application for benefits, but, rather, merely indicates the amounts involved and when particular assets would be available for distribution. Once past the lawyer's letter, the district court's determination that the defendants did not deprive Cottrill of his benefits until they offset his account on December 31, 1991 5 (ostensibly to recoup losses that he occasioned, see Cottrill, 74 ___ ________ F.3d at 21) is virtually inevitable.2 Hence, the court acted well within its discretion in finding that prejudgment interest began to accrue on that date. 2. The Rate of Interest. ERISA provides for postjudgment 2. The Rate of Interest. ____________________ interest to be calculated at the federal rate, 28 U.S.C.  1961(a) (1994), but it contains no explicit provision for prejudgment interest. Here, the district court employed the federal statutory rate for that purpose. The appellant argues that the court should have used the (somewhat more munificent) rate available under Rhode Island law. See R.I. Gen. Laws 9- ___ 21-10 (1985) (stipulating a flat rate of 12% per annum). We do not think that the district court exceeded its discretion in choosing the federal rate.  ____________________ 2The appellant disputes the district court's finding that, prior to year's end, the appellant's money continued to earn interest. We have two reactions. First, the finding is unnecessary to the result, for it is the fact that the account remained untouched, coupled with the absence of a meaningful turnover demand at an earlier time, that renders the December 31, 1991 date defensible. Second, the court relied upon the representations of SJU's counsel (uncontradicted by Cottrill's lawyer) in making this ore tenus finding and invited Cottrill to ___ _____ seek to modify the order if these representations were erroneous. Cottrill never accepted the invitation. Therefore, he cannot complain of the finding here. See Dow v. United Bhd. of ___ ___ ________________ Carpenters & Joiners, 1 F.3d 56, 61-62 (1st Cir. 1993) (holding ____________________ that a party who eschewed the court's invitation to seek discovery if needed waived any subsequent objection to lack of discovery); Reilly v. United States, 863 F.2d 149, 168 (1st Cir. ______ _____________ 1988) (upholding denial of discovery request where supposedly aggrieved party did not accept the magistrate's invitation to renew it at a later date); cf. United States v. Schaefer, 87 F.3d ___ _____________ ________ 562, 570 n.9 (1st Cir. 1996) (explaining that defendant's failure to file a motion for reconsideration undercut his later objection to district court's suppression order). 6 As a general rule, federal law governs the scope of remedies available when a claim arises under a federal statute, and this doctrine extends to the rate of prejudgment interest. See Colon Velez v. Puerto Rico Marine Mgmt., Inc., 957 F.2d 933, ___ ___________ ______________________________ 941 (1st Cir. 1992). Of course, if the particular federal statute is silent, courts have discretion to select an appropriate rate, and they may look to outside sources, including state law, for guidance. See id. Because ERISA is inscrutable ___ ___ on the subject, a court that elects to award prejudgment interest in an ERISA case has broad discretion in choosing a rate. See ___ Hansen v. Continental Ins. Co., 940 F.2d 971, 983-85 (5th Cir. ______ ____________________ 1991). In such a situation, equitable considerations should guide the exercise of judicial discretion. See, e.g., Kinek v. ___ ____ _____ Paramount Communications, Inc., 22 F.3d 503, 514 (2d Cir. 1994); ______________________________ Anthuis, 971 F.2d at 1009. _______ The appellant insists that the lower court departed from "clear federal appellate court precedent" favoring the use of state prejudgment interest rates in ERISA cases. He is wrong. Although federal courts sometimes have looked to state rates for guidance, see, e.g., Hansen, 940 F.2d at 983-84, they have done ___ ____ ______ so as a matter not of compulsion, but of discretion. Indeed, the appellant's argument conveniently overlooks numerous ERISA cases in which federal appellate and district courts have approved use of the federal statutory rate for prejudgment interest. See, ___ e.g., Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1331 (8th Cir. ____ _______ _________________ 1995); Sweet, 913 F.2d at 270; Blanton v. Anzalone, 760 F.2d 989, _____ _______ ________ 7 992-93 (9th Cir. 1985); United States v. Mason Tenders Dist. ______________ ____________________ Council, 909 F. Supp. 891, 895 (S.D.N.Y. 1995). _______ We need not tarry. The law confers discretion on the trial judge, not on the court of appeals. In this instance the judge chose to use the federal statutory rate in computing prejudgment interest. Utilizing this rate promotes uniformity in ERISA cases. Furthermore, the federal rate is an objective measure of the value of money over time, and the record makes manifest that, in selecting it, the district judge considered both the rationale of full compensation and ERISA's underlying goals. We note, too, that the federal rate is especially appropriate in this case because the Plan's funds were initially invested in Treasury bills. See, e.g., Algie, 891 F. Supp. at ___ ____ _____ 899 (finding the federal rate appropriate when it more closely approximated the likely return on the funds withheld). Mindful of these realities, we do not think that equity demands the use of a higher rate. B. B. __ Counsel Fees Counsel Fees ____________ The appellant also challenges the denial of counsel fees. Congress declared that, in any ERISA claim advanced by a "participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee" to the prevailing party. 29 U.S.C. 1132(g)(1). Unlike other fee- shifting statutes, however, ERISA does not provide for a virtually automatic award of attorneys' fees to prevailing 8 plaintiffs. Instead, fee awards under ERISA are wholly discretionary. See Gray, 792 F.2d at 259. ___ ____ This discretion is not standardless. To channel its exercise, this court has cited five basic factors that customarily should be weighed in the balance: (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions. See id. at 257-58. ___ ___ Other courts of appeals have compiled strikingly similar lists. See Eddy v. Colonial Life Ins. Co., 59 F.3d 201, 206 n.10 (D.C. ___ ____ _______________________ Cir. 1995) (collecting cases). The circuits agree that such compendia are exemplary rather than exclusive. See id. at 206; ___ ___ Quesinberry, 987 F.2d at 1029. An inquiring court may indeed, ___________ should consider additional criteria that seem apropos in a given case. See Anthuis, 971 F.2d at 1012. In a word, the test ___ _______ for granting or denying counsel fees in an ERISA case is "flexible." Gray, 792 F.2d at 258. ____ 1. Eschewing Presumptions. Several courts of appeals 1. Eschewing Presumptions. ______________________ have declined to adopt a mandatory presumption that attorneys' fees will be awarded to prevailing plaintiffs in ERISA cases absent special circumstances. See Eddy, 59 F.3d at 206-07; ___ ____ Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue ____________________________________________ _______________ 9 Shield, 41 F.3d 1476, 1485-86 (11th Cir.), cert. denied, 115 S. ______ _____ ______ Ct. 2002 (1995); McPherson v. Employees' Pension Plan of Am. Re- _________ __________________________________ Ins. Co., 33 F.3d 253, 254 (3d Cir. 1994); Custer v. Pan Am. Life ________ ______ ____________ Ins. Co., 12 F.3d 410, 422 (4th Cir. 1993); Armistead v. _________ _________ Vernitron Corp., 944 F.2d 1287, 1302 (6th Cir. 1991); Iron ________________ ____ Workers Local #272 v. Bowen, 624 F.2d 1255, 1265-66 (5th Cir. __________________ _____ 1980); see also Note, Attorney's Fees Under ERISA: When Is an ___ ____ __________________________________________ Award Appropriate?, 71 Cornell L. Rev. 1037, 1049-55 (1986) ___________________ (arguing against a mandatory presumption). There is, however, some conflicting authority. See Landro v. Glendenning Motorways, ___ ______ ______________________ Inc., 625 F.2d 1344, 1356 (8th Cir. 1980) (applying mandatory ____ presumption used under civil rights statutes in favor of prevailing plaintiffs in ERISA cases); see also Bittner v. Sadoff ___ ____ _______ ______ & Rudoy Indus., 728 F.2d 820, 830 (7th Cir. 1984) (adapting ________________ presumption used in Equal Access to Justice Act cases to ERISA milieu).3 We share the majority view. We hold that, in an ERISA case, a prevailing plaintiff does not, merely by prevailing, create a presumption that he or she is entitled to a fee-shifting award. Our holding flows naturally from the importance of preserving flexibility in this area of the law. Our holding is, moreover, adumbrated by our earlier decision in Gray. There, we ____  ____________________ 3We do not place Smith v. CMTA-IAM Pension Trust, 746 F.2d _____ ______________________ 587 (9th Cir. 1984), in this category. Although Smith quotes _____ liberally from a civil rights case, see id. at 589, the opinion ___ ___ does not suggest the use of a mandatory presumption, but merely applies the five basic factors in light of ERISA's remedial purposes. See Eddy, 59 F.3d at 207 (reaching the same ___ ____ conclusion). 10 explicitly rejected the creation of a presumption in favor of prevailing defendants. 792 F.2d at 258. We pointed out that 29 U.S.C. 1132(g)(1) speaks in discretionary terms, and that its legislative history, unlike that of certain civil rights statutes, does not support a presumption via- -vis counsel fees. See Gray, 792 F.2d at 258-59. This rationale suggests to us that ___ ____ a presumption in favor of prevailing plaintiffs also would be overkill; because the five basic factors have a built-in bias in favor of prevailing plaintiffs, see id. (recognizing that the ___ ___ second, third, and fourth factors may favor prevailing plaintiffs moreso than prevailing defendants), the superimposition of a presumption seems unnecessary as a means of protecting the legitimate interests of plan beneficiaries and participants. 2. Validity of the Order. Having declined to employ a 2. Validity of the Order. _____________________ mandatory presumption, we turn now to the district court's order. The appellant contends that the court mishandled the five basic factors. This contention lacks force. In terms of the first factor culpability the record contains no indication that the defendants exhibited bad faith; they consulted with counsel and conducted a year-long investigation before offsetting Cottrill's account. Thus, even though the Plan was ultimately found liable under the statute, the worst that can be said is that the defendants, confronted with a sizeable loss attributable to the appellant's imprudence, misjudged the Plan's legal rights. The district judge made an additional point, referring 11 to his original finding that Cottrill was the person primarily responsible for the Plan's substantial losses and deeming this fact relevant to the issue of attorneys' fees.4 This is out of the ordinary, for the traditional formulation of the first factor suggests an inquiry into the bad faith or culpability only of the losing party. Still, on the odd facts of this case, we cannot say that the district court's emphasis on the prevailing party's culpability constitutes an abuse of discretion. Cf. Armistead, ___ _________ 944 F.2d at 1304 (finding no abuse of discretion in the absence of a showing that consideration of other factors would have led to a different result). At the very least, Cottrill's conduct is germane as an additional and significant circumstance to be considered under the flexible standard that governs ERISA fee applications. See, e.g., Anthuis, 971 F.2d at 1012. ___ ____ _______ The second factor is a non-starter. While evidence existed that the defendants had funds available and could have afforded to pay the appellant's fees, this datum has little relevance here. An inability to afford attorneys' fees may counsel against an award, see Armistead, 944 F.2d at 1305, but ___ _________ the capacity to pay, by itself, does not justify an award, see ___ Thorpe, 80 F.3d at 445; Tiemeyer v. Community Mut. Ins. Co., 8 ______ ________ ________________________ F.3d 1094, 1102 (6th Cir. 1993), cert. denied, 114 S. Ct. 1371 _____ ______ (1994); Quesinberry, 987 F.2d at 1030. Consequently, the ___________  ____________________ 4This finding had been made at trial and, although we reversed the judgment, our decision in no way questioned the finding of culpability. See Cottrill, 74 F.3d at 21 (chronicling ___ ________ the conduct which informed the lower court's assessment of culpability). 12 district court did not blunder in finding that the second factor lacked appreciable significance. Citing the uniqueness of the situation, the district court found the third factor generalized deterrence to be a mixed bag. The court reasoned that an award of fees might deter the wrongful withholding of accounts by fiduciaries, but that a denial of fees might deter participants and beneficiaries from acting recklessly in respect to the assets of employee benefit plans. The appellant does not make any convincing counter- argument. While we recognize the deterrent value of fee awards against errant fiduciaries and attach considerable weight to such deterrence, we discern no reason on these peculiar facts for rejecting the district court's analysis of deterrence as an element here. Given the trial court's superior vantage point, its evaluative judgments about such case-specific matters are entitled to substantial respect. The fourth factor common benefit cuts against the appellant. His situation is both exotic and fact-dependent; thus, other participants do not stand to profit from the appellant's success. This lack of other similarly situated participants militates against a fee award. See Custer, 12 F.3d ___ ______ at 423. Last but not least, we address the merits of the underlying suit. We agree with the court below that the case 13 presented a close question.5 The very fact that an experienced trial judge originally found in the defendants' favor argues for a finding that the defendants had a reasonable basis for contesting Cottrill's entitlement to the funds, even though this court ultimately ruled against them. Cf. Sierra Club v. ___ ____________ Secretary of the Army, 820 F.2d 513, 519 (1st Cir. 1987) _______________________ (acknowledging in an EAJA case that a party's success in the district court is some evidence that its position was justified); Porter v. Heckler, 780 F.2d 920, 922 (11th Cir. 1986) (similar). ______ _______ The fifth factor, then, is something of a wash. The bottom line is that the district court applied the conventional five-factor test in an acceptable manner and added idiosyncratic features to it in a reasonable way. The court recognized that a successful plaintiff in an ERISA case more often than not should recover attorneys' fees, but concluded for reasons fully articulated in the record that this claim fell on the other side of the border. If writing on a pristine page, we might have weighed the mix of factors differently but that is  ____________________ 5In our prior opinion we wrote that "there was no possible basis for the [district] court's conclusion that Cottrill was a fiduciary." Cottrill, 74 F.3d at 22. The appellant seizes upon ________ this remark as proof that the merits were open and shut. But the appellant wrests this statement from its contextual moorings. Fairly read, the comment capped the preceding analysis which, examined in context, illustrated the uncertainty of who is a fiduciary under ERISA. This was a reasonably close case and, just as we have warned that a judicial decision cannot be transmogrified by placing overly great reliance on an awkward locution contained in a trial court's opinion, see Dopp v. ___ ____ Pritzker, 38 F.3d 1239, 1244 n.5 (1st Cir. 1994); Lenn v. ________ ____ Portland Sch. Comm., 998 F.2d 1083, 1088 n.4 (1st Cir. 1993), so, ___________________ too, we are wary of a party's attempts to attach portentous significance to an appellate court's use of isolated phraseology. 14 beside the point. Absent a mistake of law or a clear error in judgment neither of which is evident here we must defer to the trial court's first-hand knowledge and to its battlefield determination that the specific facts of this case do not warrant a fee award. See Florence Nightingale, 41 F.3d at 1485; Gray, ___ _____________________ ____ 792 F.2d at 260. III. III. ____ Conclusion Conclusion __________ We need go no further. The rulings of which the appellant complains were well within the realm of the trial court's discretion. The appellant, once victorious, is now vanquished. He perhaps should have quit while he was ahead. Affirmed. Affirmed. ________ 15