Kimberly HOWARD, an individual,
Plaintiff,

v.

HARTFORD LIFE & ACCIDENT IN-
SURANCE COMPANY a/k/a Hartford
Life d/b/a The Hartford, a corpora-
tion, Defendant.

Case No. 3:10–cv–192–J–34TEM.

United States District Court,
M.D. Florida,
Jacksonville Division.

March 31, 2011.

Alicia Paulino–Grisham, Maggie M. Smith, DI Law Group, Hollywood, FL, for Plaintiff.

Jerel C. Dawson, William J. Gallwey, III, Shutts & Bowen, LLP, Miami, FL, for Defendant.

## ORDER

MARCIA MORALES HOWARD, District Judge.

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Improper ERISA Claims with Memorandum of Law in Support Thereof (Doc. No. 6; Motion) filed by Defendant Hartford Life and Accident Insurance Company (Defendant) on April 15, 2010. Plaintiff Kimberly Howard (Plaintiff) filed a response in opposition to the Motion on May 14, 2010. *See* Response in Opposition to Defendant's Motion to Dismiss Improper ERISA Claims (Doc. No. 9; Response). In addition, Plaintiff filed a notice of supplemental authority on January 6, 2011. *See* Notice of Supplemental Authority in Opposition to Defendant's Motion to Dismiss Improper ERISA Claims (Doc. No. 35; Notice). With the Court's permission, Defendant filed a reply in support of its Motion on June 21, 2010. *See* Defendant's Court–Authorized Reply Memorandum in Sup-

port of Motion to Dismiss Improper ERISA Claims (Doc. No. 13; Reply). Accordingly, this matter is ripe for disposition.

## I. Background Facts [1]

In April of 2005, Plaintiff was an employee of Fidelity National Financial, Inc., where she held the position of Business Strategy Manager I. *See* Complaint at ¶¶ 5, 12, 13. During her employment, Plaintiff was a participant in the Fidelity National Financial, Inc. Group Benefit Plan (Plan), which Defendant insured and underwrote. *See id.* at ¶ 6. As a Plan participant, Plaintiff "is entitled to receive disability benefits under the Plan if she meets the definition(s) of disability." *Id.* at ¶ 9. Under the Plan,

> **Disability** or **Disabled** means that during the Elimination Period and for the next 24 months you are prevented by:
> 1. accidental bodily injury;
> 2. sickness;
> 3. Mental Illness;
> 4. Substance Abuse; or
> 5. pregnancy,
>
> from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are no more than 80% of your Indexed Pre-disability Earnings.
>
> After that, you must be so prevented from performing one or more of the Essential Duties of Any Occupation....
> Any Occupation means an occupation for which you are qualified by education, training, or experience, and that has an earnings potential greater than an amount equal to the lesser of the product of your Indexed Pre-disability Earn-

ings and the Benefit Percentage and the Maximum Monthly Benefit shown in the Schedule of Insurance....

> Essential Duty means a duty that:
> 1. Is substantial, not incidental;
> 2. Is fundamental or inherent to the occupation; and
> 3. Cannot be reasonably omitted or changed.
>
> To be at work for the number of hours in your regularly scheduled workweek is also an Essential Duty.

*Id.* at ¶ 10. Pursuant to the terms of the Plan, a participant who becomes disabled is entitled to gross disability benefits equal to 60% of his or her monthly income, which in Plaintiff's case "yields a gross monthly disability benefit of $5,512.03, prior to the deduction of other income benefits which may reduce a claimant's benefits during the pendency of the claim." *Id.* at ¶ 11.

Plaintiff became disabled on April 29, 2005, "due her [sic] medical condition which includes: Systemic Lupus Erythematosus ("SLE"), Fibromyalgia, Scheuermann's Disease, Bilateral Carpal Tunnel Syndrome, Cervical Degenerative Disc Disease, Asthma, chronic and severe headaches, and Left Shoulder Rotator Cuff Tear...." *Id.* at ¶ 13. As a result, Plaintiff applied for short-term disability benefits under the Plan, which Defendant approved on May 22, 2005. *See id.* at ¶ 14. On September 16, 2005, however, Defendant denied Plaintiff's "short-term disability benefits retroactively to on or about September 5, 2005." *Id.* at ¶ 15. After an appeal by Plaintiff, Defendant overturned the denial, reinstating Plaintiff's short-term disability benefits. *See id.* at ¶ 16.

---

**1.** These background facts are summarized from the allegations contained in Plaintiff's Complaint (Doc. No. 1; Complaint). In considering the Motion to dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003); *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir.1994).

Plaintiff subsequently filed a "claim for long-term disability benefits under the Plan." *Id.* at ¶ 17. Defendant approved her claim and began paying Plaintiff long-term disability benefits under the Plan in early November 2005. *See id.* At Defendant's insistence, Plaintiff subsequently applied for and was awarded Social Security Disability Benefits. *See id.* at ¶¶ 20–21. Defendant thereafter asserted that Plaintiff's Social Security Disability Benefits were an offset to her Plan benefits. *See id.* at ¶ 22. Accordingly, Defendant contended that it had overpaid Plaintiff's benefits under the Plan and demanded that Plaintiff immediately relinquish to Defendant the Social Security Disability Benefits that she had received in a lump sum. *See id.* Then, "on or about November 14, 2006, [Defendant] terminated [Plaintiff's] total disability benefit payment." *Id.* at ¶ 23. Despite her timely appeal of this decision Defendant upheld its denial and its refusal to pay Plaintiff long-term disability benefits under the Plan. *See id.* at ¶ 24. Defendant has refused, since November 15, 2006, to pay Plaintiff benefits to which she is entitled under the Plan. *See id.* at ¶ 25.

## II.  Procedural History

On March 3, 2010, Plaintiff initiated this action by filing the Complaint pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.  See id.* at ¶ 1. In the Complaint, Plaintiff asserts a single claim entitled "Action to Recover Plan Benefits, Enforce Rights Under the Plan & Clarify Entitlement to Plan Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B)" against Defendant. *Id.* at 6. In addition to requesting an award of benefits due under the Plan with interest, Plaintiff seeks a declaratory judgment and order for "Disgorgement of any profits or gain Defendant, HARTFORD, has obtained as a result of the wrongful action alleged in this Complaint and equitable distribution of any profits or gain to Plaintiff, MS. HOWARD." *Id.* at 9. As noted above, Defendant filed the instant Motion on April 15, 2010, seeking dismissal of the requests for relief for disgorgement and equitable distribution of profits.

## III.  Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Lotierzo v. Woman's World Med. Ctr., Inc.,* 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex. rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250, 1262–63 (11th Cir.2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (internal quotations omitted); *see also Jackson,* 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *See Iqbal,* 129 S.Ct. at 1949, 1951. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

## IV. Discussion

■ In the Motion, Defendant argues that dismissal of Plaintiff's requests for disgorgement of profits and equitable distribution is appropriate because Plaintiff has failed to state a claim upon which such relief can be granted. *See generally* Motion. Defendant asserts that such remedies are not available under 29 U.S.C. § 1132(a)(1)(B) (hereinafter § 1132(a)(1)(B)). *See id.* at 3. Defendant further asserts that such relief is not available in this instance pursuant to another provision of ERISA—29 U.S.C. § 1132(a)(3) (hereinafter § 1132(a)(3))— because Plaintiff has an adequate remedy

under § 1132(a)(1)(B). *See id.* at 4. For her part, Plaintiff maintains that disgorgement of profits and equitable distribution are appropriate remedies under § 1132(a)(1)(B). *See generally* Response. In addition, Plaintiff appears to contend that because such relief is available pursuant to § 1132(a)(3), it is equally available to her in this action. *See id.* at 3–5.

■ In the Complaint, Plaintiff alleges a single claim against Defendant as Plan administrator[2] pursuant to § 1132(a)(1)(B). *See* Complaint at 6. Under § 1132(a)(1)(B), a participant in an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *See also Heffner v. Blue Cross & Blue Shield of Ala., Inc.,* 443 F.3d 1330, 1338 (11th Cir.2006) (quoting *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)) ("The Supreme Court has explained that there are three distinct remedies available to a participant or beneficiary under § [1132](a)(1)(B): 'an action ... [1] to recover accrued benefits, [2] to obtain a declaratory judgment that she is entitled to benefits under the provisions of the plan contract, and [3] to enjoin the plan administrator from improperly refusing to pay benefits in the future.'"). As such, the Eleventh Circuit has recognized that

---

2. The Court notes that the Plan, which is attached to the Complaint at Exhibit A, identifies Fidelity National Financial, Inc. as the Plan Administrator. *See* Plan (Exh. A to Complaint) at 24. However, Defendant acknowledges for the purposes of the Motion that it is the Plan administrator. *See* Motion at 2 (assuming for the purposes of the Motion that "Hartford Life is the insurer and claim administrator for the plan"). "The proper party defendant in an action concerning ERISA benefits is the party that controls ad-

ministration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir.1997). In *Hamilton v. Allen–Bradley Co., Inc.,* the Eleventh Circuit noted that a party other than the party identified in the plan as the plan administrator may be the proper defendant in an ERISA action if the party has "sufficient control over the process to qualify as the plan administrator notwithstanding the language of the plan booklet." *See* 244 F.3d 819, 824 (11th Cir.2001).

" § 1132(a)(1)(B) claims essentially are contract claims." *See Ervast v. Flexible Prods. Co.,* 346 F.3d 1007, 1014 (11th Cir. 2003) (internal quotation and citation omitted); *Jones v. Am. Gen. Life & Accident Ins. Co.,* 370 F.3d 1065, 1069 (11th Cir. 2004) (noting that "the remedies explicitly authorized in Section [1132](a)(1)(B) ... are akin to common law breach of contract causes of action ...").[3] Thus, actions brought under that provision are "limited to those claimants seeking to recover benefits due to [them] under the terms of [the] plan." *See Green v. Holland,* 480 F.3d 1216, 1224 (11th Cir.2007) (internal quotation marks omitted) (alterations in original). Moreover, as the Eleventh Circuit noted in *Green,* courts are "reluctant ... to imply benefits into the terms of an [ERISA] ... plan where such benefits are not expressly designated." *See id.* at 1223 (11th Cir.2007); *see also Flint v. ABB, Inc.,* 337 F.3d 1326, 1329 (11th Cir.2003) (refusing to allow a stand-alone claim for interest on past-due benefit payments where the plan at issue did "not provide for such interest"); *Godfrey v. BellSouth Telecomms., Inc.,* 89 F.3d 755, 761 (11th Cir.1996) (recognizing that § 1132(a)(1)(B) does not "provide for extra-contractual or punitive damages").

In the Motion, Defendant does not challenge Plaintiff's right to assert a claim pursuant to § 1132(a)(1)(B) for benefits under the Plan—purportedly past due benefits and prejudgment interest; and to clarify her rights under the Plan. However, in addition to these requests for relief, Plaintiff asserts that, pursuant to § 1132(a)(1)(B), she is entitled to disgorgement of profits and equitable distribution of profits. *See* Complaint at 9. It is these remedies that Defendant seeks to have dismissed from the Complaint. Preliminarily, the Court notes that while Plaintiff alleges that: "The Plan provides MS HOWARD with gross disability benefits equal to 60% of her monthly income, which yields a gross monthly disability benefit of $5,512.03, prior to the deduction of other income benefits ...," *see* Complaint at ¶ 11, Plaintiff has not identified any clause in the Plan that provides for disgorgement of profits or equitable distribution. Indeed, upon the Court's independent review of the Plan, attached as Exhibit A to the Complaint, the Court identified no provision supporting an award of disgorgement of profits or equitable distribution.[4] The Eleventh Circuit has recognized that where a claimant is successful in an action to recover benefits, a court may, in its discretion, award the claimant prejudgment interest. *Smith v. Am. Int'l Life Assurance Co. of N.Y.,* 50 F.3d 956, 957 (11th Cir.1995). This is so even if the plan at issue does not specifically provide for such interest as a plan benefit, because

---

3. In addition, the Fifth Circuit has recognized that "29 U.S.C. § 1132(a)(1)(B), provides a contract based cause of action to participants and beneficiaries to recover benefits, enforce rights, or clarify rights to future benefits, under the terms of an employee benefit plan." *Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 215 F.3d 516, 523 (5th Cir.2000).

4. For the purposes of this Motion, in addition to considering the facts and allegations set forth in the Complaint, the Court considers the contents of the Plan, which is attached to the Complaint at Exhibit A. *See* FED.R.CIV.P.

10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir.2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto."); *Taylor v. Appleton,* 30 F.3d 1365, 1367 n. 3 (11th Cir.1994)(finding that an exhibit to the complaint was part of the pleadings, and thus, the Rule 12(b)(6) motion was not converted into a motion for summary judgment).

" '[t]he award of an amount of prejudgment interest in an ERISA case is a matter committed to the sound discretion of the trial court.' " *Green,* 480 F.3d at 1224 n. 4 (quoting *Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala.,* 41 F.3d 1476, 1484 (11th Cir.1995)) (remaining citations omitted) (alteration in *Green* ). However, Plaintiff has not cited, nor has the Court found, any authority that would allow her to seek disgorgement and equitable distribution of profits as a part of a § 1132(a)(1)(B) claim for Plan benefits where the Plan does not provide for such an award. Accordingly, the Court finds that Plaintiff cannot pursue such relief as a remedy for her § 1132(a)(1)(B) claim.

Instead of providing authority to support her assertion that disgorgement and equitable distribution of profits would be a proper remedy for her § 1132(a)(1)(B) claim, Plaintiff refers the Court to authority discussing the availability of such relief pursuant to § 1132(a)(3). *See* Response at 3–5. Section 1132(a)(3) provides for a civil action:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). Specifically, Plaintiff cites three cases in which a plaintiff asserted claims under § 1132(a)(3). *See Parke v. First Reliance Standard Life Ins. Co.,* 368 F.3d 999, 1009 (8th Cir.2004) (finding that, pursuant to § 1132(a)(3)(B), First Reliance could "be forced ... to disgorge any profits it earned as a result of ..." breaching its fiduciary duty); *Knieriem v. Grp. Health Plan, Inc.,* 434 F.3d 1058, 1064 (8th Cir.2006) (recognizing that § 1132(a)(3) permits a plan participant to

seek disgorgement of profits realized from wrongfully withheld funds, but concluding that the claims for " 'restitution' and 'surcharge' " were actually claims for monetary relief, which were unavailable under § 1132(a)(3)(B)); and *Green v. Holland,* 480 F.3d at 1224 ("Green contends that his cause of action for interest on his delayed benefits constitutes 'other appropriate equitable relief and that therefore it is permissible under ERISA § [1132](a)(3).' ") *aff'g* No. 7:04–cv–1305, 2005 WL 6133303 (N.D.Ala. Dec. 14, 2005). However, Plaintiff does not assert a claim under § 1132(a)(3). Indeed, in the Response, Plaintiff disavows any attempt to pursue a separate claim for relief under § 1132(a)(3), explaining that she seeks disgorgement as relief for her § 1132(a)(1)(B) claim. *See* Response at 5, n. 1.

In the Complaint, Plaintiff asserts a single cause of action entitled "Action to Recover Plan Benefits, Enforce Rights Under the Plan & Clarify Entitlement to Plan Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B)." Plaintiff makes no mention of § 1132(a)(3) anywhere in the Complaint. Rule 10(b), Federal Rules of Civil Procedure, (Rule(s)) provides, in pertinent part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense." Thus, Rule 10(b) "require[s] that discrete claims should be plead in separate counts." *See Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir.2001). Plaintiff's single count Complaint gives no indication of attempting to set forth a separate claim for relief pursuant to § 1132(a)(3). Thus, Plaintiff has not asserted a claim pursuant to § 1132(a)(3), and any remedies potentially available for such a claim are irrelevant. Accordingly, Plaintiff's argument that disgorgement and

equitable distribution of profits would be available as a remedy for a § 1132(a)(3) claim is inapposite.

Nevertheless, in light of Plaintiff's significant reliance on § 1132(a)(3), the Court briefly discusses the contours of such a claim. The Supreme Court has described § 1132(a)(3) as a "catchall" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not elsewhere adequately remedy." *See Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In recognizing a claim for breach of fiduciary duty pursuant to § 1132(a)(3), the Court noted that the section "authorizes '*appropriate*' equitable relief." *See id.* at 515, 116 S.Ct. 1065 (emphasis in original). The Court further explained that it "should expect that courts, in fashioning 'appropriate' equitable relief, will keep in mind the 'special nature and purpose of employee benefit plans,' and will respect the 'policy choices reflected in the inclusion of certain remedies and the exclusion of others.'" *See id.* (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). Accordingly, the Court cautioned that it "expect[ed] that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *See id.*

The Eleventh Circuit has interpreted *Varity* as precluding "an ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B) ... [from] alternatively plead[ing] and proceed[ing] under § 1132(a)(3)." *See Katz v. Comprehensive Plan of Grp. Ins., Alltel*, 197 F.3d 1084, 1088 (11th Cir.1999). In *Katz*, the Court concluded that the plaintiff, who asserted a claim for benefits under an ERISA plan pursuant to § 1132(a)(1)(B), was precluded from pursuing a claim under § 1132(a)(3) for breach of fiduciary duty. *See id.* at 1088–89. This was so despite the fact that the plaintiff did not ultimately prevail on the merits of her claim under § 1132(a)(1)(B). *See id.* at 1089. "[T]he availability of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor." *Id.; see also Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir.2003) (where the plaintiffs' "injury would be best addressed by a Section [1132](a)(1)(B) claim for recovery of benefits under the Plan, ..." the plaintiffs could not proceed under § 1132(a)(3) despite the fact that their claim under § 1132(a)(1)(B) was barred by *res judicata*).

Plaintiff acknowledges that she cannot proceed with a claim under § 1132(a)(3) when § 1132(a)(1)(B) provides her with an adequate remedy. *See* Response at 5. Nevertheless, she states "Numerous courts have found that the remedy available under section 1132(a)(1)(B) was not adequate, and that a disgorgement of profits was an additional appropriate remedy." *Id.* Yet, Plaintiff provides no citation of authority for this proposition. In addition, she fails to even attempt to explain how the remedy potentially available—reimbursement of past due benefits, possibly with interest—would *not* be an adequate remedy for her claim. Moreover, she presents no allegations that would support an independent claim for breach of fiduciary duty under § 1132(a)(3). *See Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1071–74 (11th Cir.2004). As such, Plaintiff's citation to and reliance on § 1132(a)(3) is misplaced.[5]

---

**5.** The Court recognizes that in *Green,* the Eleventh Circuit concluded that it need not address whether an action for interest on retroactive benefit payments could be reframed as an equitable claim for restitution

In consideration of the foregoing, the Court concludes that Plaintiff cannot seek disgorgement of profits or equitable distribution of profits based upon the claim set forth in her Complaint. As such, Defendant's Motion to dismiss is due to be granted.

## V. Conclusion

Accordingly, it is hereby **ORDERED:**

1. Defendant's Motion to Dismiss Improper ERISA Claims with Memorandum of Law in Support Thereof (Doc. No. 6) is **GRANTED** in that Plaintiff's requests in the Complaint (Doc. No. 1) for: (1) a declaratory judgment declaring "Disgorgement of any profits or gain Defendant, HARTFORD, has obtained as a result of the wrongful action alleged in this Complaint and equitable distribution of any profits or gains to Plaintiff, MS. HOWARD," Complaint at 9; and (2) "an order by this Court for disgorgement of any profits or gain by Defendant, HARTFORD, as a result of the wrongful action(s) alleged herein, and an award to Plaintiff, MS. HOWARD, of an equitable distribution of any profits or gain as a result of this Court's order of disgorgement ...," *id.;* are **STRICKEN.**

2. Defendant Hartford Life & Accident Insurance Company shall respond to Plaintiff's Complaint (Doc. No. 1) on or before **April 22, 2011.**

and disgorgement of profits under § 1132(a)(3) because the plaintiff did not present evidence of a violation of ERISA or the plan, which is necessary to state a claim for relief under that provision. *See Green,* 480 F.3d at 1226. Here, Plaintiff has similarly not asserted in the Complaint that she is entitled to relief pursuant to § 1132(a)(3). *See generally* Complaint. Thus, this Court does not address this issue.