John G. KLING, personally and in a representative capacity for the Harnischfeger Industries Employees' Savings Plan, Plaintiff,

v.

FIDELITY MANAGEMENT TRUST CO., Francis M. Corby, Jr., Stephen W. Skatrud, James C. Benjamin, Jeralyn J. Meyer, Joseph A. Podawiltz, Kim R. Kodousek, Somerset R. Waters, Eugene L. Fuhrmann, Donna M. Alvarado, Jeanne–Pierre Labruyere, L. Donald Latorre, Ralph C. Joynes, Leonard E. Redon, and Stephen M. Peck, Defendants.

No. 01–CV–11939–MEL.

United States District Court,
D. Massachusetts.

Oct. 24, 2003.

Robert D. Friedman, Perkins, Smith & Cohen, LLP, Boston, MA, for John G. Kling, Plaintiff.

C. Thomas Mason, Tucson, AZ, for John G. Kling, Plaintiff.

Harry S. Miller, Perkins, Smith & Cohen, LLP, Boston, for John G. Kling, Plaintiff.

Matthew J. Tuttle, Perkins, Smith & Cohen, LLP, Boston, MA, for John G. Kling, Plaintiff.

Peter J. Walsh, Walsh & Keating, S.C., Wauwatosa, WI, for John G. Kling, Plaintiff.

Wilber H. Boies, McDermott, Will & Emery, Chicago, IL, for L. Donald LaTorre, Leonard E. Redon, Ralph C. Joynes, Stephen M. Peck, Francis M. Corby, Jr., Donna M. Alvarado, Eugene L. Fuhrmann, James C. Benjamin, Jeralyn J. Meyer, Joseph A. Podawiltz, Kim R. Kodousek, Somerset R. Waters, Stephen W. Skatrud, Jean–Pierre LaBruyere, Defendants.

Brian P. Brooks, O'Melveny & Myers, Washington, DC, for Fidelity Management And Research Corporation of Massachusetts, Defendant.

James S. Dittmar, Goodwin Procter LLP, Boston, MA, for Fidelity Management And Research Corporation of Massachusetts, Defendant.

Robert N. Eccles, O'Melveny & Myers, Washington, DC, for Fidelity Management And Research Corporation of Massachusetts, Defendant.

James O. Fleckner, Goodwin Procter LLP, Boston, MA, for Fidelity Management And Research Corporation of Massachusetts, Defendant.

Brian W. Robinson, McDermott, Will & Emery, Boston, MA, for L. Donald LaTorre, Leonard E. Redon, Ralph C. Joynes, Stephen M. Peck, Eugene L. Fuhrmann, Francis M. Corby, Jr., James C. Benjamin, Jeralyn J. Meyer, Joseph A. Podawiltz, Kim R. Kodousek, Somerset R. Waters, Stephen W. Skatrud, Donna M. Alvarado, Jean–Pierre LaBruyere, Defendants.

Nancy G Ross, McDermott, Will & Emery, Chicago, IL, for Donna M. Alvarado, Leonard E. Redon, Ralph C. Joynes, Stephen M. Peck, Eugene L. Fuhrmann, Francis M. Corby, Jr., James C. Benjamin, Jeralyn J. Meyer, Joseph A. Podawiltz, Kim R. Kodousek, Somerset R. Waters, Stephen W. Skatrud, Jean–Pierre LaBruyere, L. Donald LaTorre, Defendants.

### MEMORANDUM AND ORDER

LASKER, District Judge.

### I.

The "Harnischfeger Defendants" (all of the individually named defendants in this action) move for clarification of the Memorandum and Order dated June 3, 2003 (the "June 3rd Order"). They request that it be noted that, in that Order, all allegations of the complaint are construed as true for the limited purposes of ruling on the motions to dismiss.

The motion is GRANTED. The second full paragraph on page 2 of the June 3rd Order is modified to begin with the following additional sentence: "The following facts are taken from Kling's complaint and are accepted as true for the purposes of ruling on the motions to dismiss."

### II.

Kling brings his own "motion for clarification," raising a host of more substantive issues. Because Kling seeks substantive changes to the legal conclusions expressed in the June 3rd Order, his motion is construed as a motion to reconsider. It is DENIED IN PART, and GRANTED IN PART.

■ Citing *Maniace v. Commerce Bank of Kansas City,* 40 F.3d 264 (8th Cir.1994) and *In re Worldcom, Inc.,* 263 F.Supp.2d 745 (S.D.N.Y.2003), Kling seeks a ruling that a directed trustee, even if it has no discretion over the matter in question, may owe a "modified" fiduciary duty to plan participants. In seeking such a ruling, Kling is splitting hairs. Although the June 3rd Order may differ somewhat from *Maniace* and *WorldCom* in its terminology, it reaches a similar conclusion. In *Maniace,* the court concluded:

Commerce had no discretion [over the stock in question] and could only act at the direction of the Committee. *As such, Commerce could not be a fiduciary* (nor breach fiduciary duties) with respect to the . . . stock.

Notwithstanding *Commerce's lack of fiduciary status, as an ERISA directed trustee,* it may only act upon directions from the Committee (named fiduciary) "which are made in accordance with the terms of the plan and are not contrary to [ERISA]. . . ." 29 U.S.C. § 1103(a)(1).

*Maniace,* 40 F.3d at 267 (emphasis added). In *Worldcom,* the court concluded that

"[a]s a directed trustee, Merrill Lynch was not required to exercise its independent judgment in deciding how and whether to invest employee funds as directed. It only had to make sure that WorldCom's directions were proper, in accordance with the terms of the plan, and not contrary to ERISA." *Worldcom* at 762 (internal quotations and citations omitted).

Accordingly, the motion to reconsider this portion of the Order is DENIED.

■ Kling further argues the June 3rd Order errs to the extent that it implies that a contractual designation of "directed trustee" status eliminates the functional test of fiduciary status under ERISA § 3(21)(A). Kling is correct that the June 3rd Order oversimplifies the situation in stating that "[t]he disposition of the motion to dismiss depends entirely on the interpretation of § 403(a)(1)." This sentence fails to acknowledge that, as provided in 29 U.S.C. § 1110(a), a contract that purports to release from liability one who in fact acts as a fiduciary is void as against public policy. As should be clear from a more thorough reading of the Order, such an inquiry must proceed under both § 403(a)(1) and § 3(21)(a).

Accordingly, the word "entirely" is stricken from the first sentence of the last paragraph on page 23 of the June 3rd Order.

As to the substance of the analysis that follows, it remains sound. "[D]iscretion is the sine qua non of fiduciary duty," *Cottrill v. Sparrow, Johnson & Ursillo*, 74 F.3d 20, 22 (1st Cir.1996), and the First Circuit has held that it is permissible for a district court to base its inquiry into the existence of such discretion on the relevant contractual agreements. *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 19 (1st Cir.1998) ("The starting point for reasoned analysis of the Bank's fiduciary status is the Agreement."). In any case, the very limited discretion that Kling attributes to Fidelity would not give rise to fiduciary duty with regard to the acts that Kling alleges.[1] *See Beddall*, 137 F.3d at 18 (fiduciary duty attaches in increments, and is not an all-or-nothing proposition).

It is so ordered.

---

1. Kling alleges that Fidelity had discretion with regard to holding a small portion of the Stock Fund's assets in cash to meet liquidity needs, deciding whether to trade Harnischfeger stock on the open market or perform cross-participant buy and sell orders without going into the market, as well as having the power to borrow funds for Plan transactions, and to perform various actions with regard to legal claims relating to the Trust. However, the breaches of fiduciary duty that Kling alleges against Fidelity concern the failure to close the Stock Fund or to provide information to Plan participants that would have alerted them to the need to remove their funds from the Stock Fund.